IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA KERR,

    Plaintiff,

vs.                                      No. CIV 00-0502 JC/WWD

FARMINGTON MUNICIPAL
SCHOOL DISTRICT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Dismiss Plaintiff's Complaint, filed July 26, 2000 *(Doc. 23)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendants' motion will be granted in part and denied in part.

**I.**    **Background**

The position of Athletic Director for Farmington High School ("AD position") became vacant in the Spring of 1999, and the opening was posted internally and advertised in the local newspaper. Plaintiff Linda Kerr claims that she was interested in applying for the AD position, but she decided not to submit an application because it was for part-time employment. *See* Complaint at 4, filed April 7, 2000 *(Doc. 1)*. Plaintiff maintains that she informed her supervisor, Jan Weems, that she was interested in applying for the position only if it was full-time. *See id.*

On July 30, 1999, the AD position was offered to Mr. Cook, a candidate from Grady, New Mexico. On August 5, 1999, Plaintiff learned that the AD position had been converted to full-time employment, and she inquired about the availability of the position. *See* Memorandum

of Law in Support of Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint ("Pl.'s Response") at 2-3, filed July 26, 2000 *(Doc. 25)*.  Plaintiff was informed by Larry DeWees, Principal of Farmington High School, that the position already had been offered to an applicant. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Memo. in Support of Df.'s Mot.") at 2, filed July 26, 2000 *(Doc. 24)*.  On August 7, 1999, Mr. Cook declined the employment offer.  Two days later, the AD position was offered to Dave Wilden.

Relying on internal grievance procedures, Plaintiff unsuccessfully challenged the selection of Mr. Wilden based on Defendants' failure to provide sufficient notice of the vacancy as required by Farmington Municipal School District policies and procedures.  *See* Complaint at 6-7.  Plaintiff further claimed that Mr. Wilden did not meet the requisite qualifications for the AD position.  *See id.*  Plaintiff's grievances were denied by the Defendants.

Plaintiff now contends that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Counts I and II), violated her Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 (Counts III, IV, and V), breached both a contract and the implied covenant of good faith and fair dealing (Counts VI and VII), violated her constitutional privacy rights (Count VIII), intentionally inflicted emotion distress upon her (Count IX), and are guilty of a prima facie tort (Count X).

**II.     Standard of Review**

In reviewing a motion to dismiss, the court accepts as true all well-plead facts, as distinguished from conclusory allegations, and views those facts in the light most favorable to the nonmoving party.  *See Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

Dismissal of a complaint pursuant to Rule 12(b)(6) will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### III.     Analysis

#### A.     Farmington Municipal School District as a Defendant

Defendants move to dismiss Farmington Municipal School District as a defendant because it lacks the capacity to be sued. *See* Memo. in Support of Defs.' Mot. at 15. In New Mexico, a "school district" is an "area of land established as a political subdivision of the state for the administration of public schools and segregated geographically for taxation and bonding purposes." N.M.S.A. § 22-1-2(K) (1978). In contrast, local school boards have the capacity to sue and be sued. *See id.* at § 22-5-4(I). The Court finds that the real party in interest is the school board and not the school district, and Plaintiff's claims against Farmington Municipal School District will be dismissed.

Nevertheless, Plaintiff has properly pled an action against the Farmington Municipal School Board. When a plaintiff brings an official capacity suit, it represents another way of pleading an action against an entity of which an officer is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "As long as the governmental entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* In this case, Plaintiff has named members of the school board in their official and individual capacities. *See* Complaint at 1. The Farmington Municipal School Board has received adequate notice and an opportunity to respond to Plaintiff's allegations. Accordingly, the Court finds that Plaintiff has properly pled an action against the Farmington Municipal School Board.

### B.     Individual Capacity Suits Under Title VII

Defendants move to dismiss Plaintiff's Title VII claims (Counts I and II) against Defendants in their individual capacities.  Plaintiff names the Defendants in both their individual and official capacities with respect to Counts I and II.  *See* Complaint at 1.  In the Tenth Circuit, Title VII confers liability only on employers or supervisors acting in their official capacities as agents of the employer.  *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996); *see also Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993) ("Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate.").  Therefore, the Court finds that Plaintiff's Title VII claims in Counts I and II against Defendants in their individual capacities are inappropriate and will be dismissed.

### C.     Procedural Due Process Claim

Defendants argue that Plaintiff has not sufficiently alleged the deprivation of a protected property interest and has therefore failed to allege a viable procedural due process claim under Count III.  *See* Memo. in Support of Dfs.' Mot. at 5.  Plaintiff's procedural due process claim concerns the Defendants' failure to allow her the opportunity to apply for the AD position.

As a threshold requirement to establishing a right to procedural due process, Plaintiff must demonstrate that she possessed a property interest.  *See Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1569 (10th Cir.1993).  Whether a public employee has a property interest in a promotion is a matter of state law.  *See Patrick v. Miller*, 953 F.2d 1240, 1244 (10th Cir.1992).  Plaintiff argues that New Mexico has recognized that the policies and procedures in a personnel policy guide are binding on both parties.  *See Lukoski v. Sandia Indian Management Co.*, 106 N.M. 664, 666, 748 P.2d 507, 509 (1988) (provisions of employee handbook  may be determined to

have become part of employment agreement); *see also Francis v. Memorial Gen. Hosp.*, 104 N.M. 698, 699, 726 P.2d 852, 853 (1986) (provisions of personnel policy manual may modify contract of employment). Thus, Plaintiff claims that she had a protected property interest in the opportunity to apply for the AD position, and Defendants denied her this opportunity when it failed to post the vacancy for a minimum of one week as provided for by Defendants' policies and procedures in Section 4.9.2. *See* Pl.'s Response at 8.

However, every contractual benefit does not rise to the level of a constitutionally protected property interest. *See Cordova v. Vaughn Municipal School Board of Education*, 3 F. Supp. 2d 1216, 1222 (D.N.M. 1998) (citing *Ezekwo v. NYC Health & Hospitals Corp.*, 940 F.2d 775, 782-83 (2nd Cir. 1991)). A constitutionally protected interest has been created only if the procedural requirements are intended to be a "significant substantive restriction" on the employer's decision-making. *See Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984). "If the procedures required impose no significant limitation on the discretion of the decisionmaker, the expectation of a specific decision is not enhanced enough to establish a constitutionally protected interest in the procedures." *See id.* (citation omitted).

In this case, Plaintiff points to procedural steps that required Defendants to post job vacancies for a one-week period of time. *See* Pl.'s Response at 6-8. However, these procedures did not restrict the Defendants' discretion in selecting an applicant. Even if Plaintiff was able to apply, there was no guarantee that she would obtain the position. Consequently, the Court finds that these procedures in no way enhanced Plaintiff's expectation of obtaining the AD position. Accordingly, Plaintiff has failed to allege a protected property interest, and Count III is dismissed.

### D.      Substantive Due Process Claim

Defendants next move to dismiss Plaintiff's substantive due process claim under Count IV because she has failed to allege a sufficient property interest.  *See* Memo. in Support of Dfs.' Mot. at 7.  Plaintiff's substantive due process claim also concerns the Defendants' failure to allow her the opportunity to apply for the AD position.

Substantive due process ensures that the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision.  *See Mitchell v. City of Moore*, 218 F.3d 1190, 1198 (10th Cir.2000);  *see also Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir.1998).  In order to prevail on a substantive due process claim, a plaintiff must again establish that defendant's actions deprived plaintiff of a protected property interest.  *See Weathers v. West Yuma County Sch. Dist. R-J-1*, 530 F.2d 1335, 1340-42 (10th Cir.1976).

Similar to her procedural due process claim, Plaintiff bases her substantive due process claim on Defendants' procedural guidelines and argues that she had a property right in the opportunity to apply for the AD position.  *See* Pl.'s Response at 9.  A property interest, for purposes of due process, must be specific and presently enforceable.  *See Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1569 (10th Cir.1993).  To have a property interest in a benefit, a person "must have more than a unilateral expectation of it.  [She] must, instead, have a legitimate claim of entitlement to it."  *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Although one's actual job may be classified as property, the prospect of a promotion is not in the same category.  A promise to follow certain procedural steps in considering an application does not itself create a property interest in that application.  *See Bunger v. University of Okla. Bd. of Regents*, 95 F.3d 987, 991 (10th Cir. 1996).  Thus, Defendants' procedural framework for

posting a job vacancy does not itself create a property interest in the Plaintiff's opportunity to apply for the AD position. Furthermore, Plaintiff does not argue that anyone promised her the promotion or that she was in any other way led to believe that she was entitled to the promotion. Accordingly, Plaintiff has failed to allege a protected property interest, and Count IV is dismissed.

### E.      Equal Protection Claims

#### 1.      Age Discrimination

With respect to Count V, Defendants move to dismiss Plaintiff's equal protection claim based on age. *See* Memo. in Support of Dfs.' Mot. at 9. Defendants argue that an equal protection claim based on age cannot exist independent of an Age Discrimination in Employment Act (ADEA) claim. The Tenth Circuit recently reaffirmed its holding that an age discrimination claim under the Equal Protection Clause does not exist independent of an ADEA claim. *See Migneault v. Peck*, 204 F.3d 1003, 1004 fn.1 (10th Cir. 2000). Plaintiff failed to allege an ADEA claim. Thus, Plaintiff's equal protection claim based on age in Count V is dismissed.

#### 2.      Race Discrimination

Defendants next move to dismiss Plaintiff's equal protection claims based on race. *See* Memo. in Support of Dfs.' Mot. at 8-9. Defendants argue that Plaintiff failed to allege a prima facie case of race discrimination because she never applied for the AD position. *See id.*

In order to establish a prima facie case of discriminatory failure to promote based on race, a plaintiff must demonstrate:  (1) there was a promotional opportunity available; (2) the plaintiff was qualified and had established availability for the position; (3) despite the plaintiff's qualifications, she was not promoted to the position; and (4) the promotional opportunity was filled. *See Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1362 (10th Cir.1997). Defendants

maintain that Plaintiff did not make herself available for the AD position, thereby failing to meet the second prong of her prima facie case.

However, an employer cannot avoid liability if it assumes that an employee is not interested in a job because the individual did not submit an application. When an employer does not post openings or take applications for promotion, but uses an informal promotion system, the employer has a "duty to consider all those who might reasonably be interested, as well as those who have learned of the job opening and expressed an interest." *Jones v. Firestone Tire and Rubber Co., Inc.*, 977 F.2d 527, 533 (11th Cir.1992) (citing *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133-34 (11th Cir.1984)) cert. denied, 113 S.Ct. 2932. Although Defendants did use a formal promotion system when the AD position was initially offered, Defendants allegedly resorted to an informal promotion system once the first employment offer was declined by Mr. Cook. Plaintiff maintains that when Mr. Cook declined the employment offer, the AD position was offered to Dave Wilden, who did not apply for the position. *See* Complaint at 5, ¶ 31. In addition, Plaintiff maintains that Defendant Larry Dewees, Farmington High School Principal, was already aware of her interest in the AD position prior to the second employment offer to Mr. Wilden. In light of Defendants' informal promotion system once Mr. Cook declined his employment offer, the Court concludes that Plaintiff made Defendants aware of her availability for the position. Thus, Plaintiff has met the second prong of her prima facie case, and Defendants' motion to dismiss Plaintiff's equal protection claim based on race is denied.

### 3. Sex Discrimination

Similar to the equal protection claim based on race, Defendants move to dismiss Plaintiff's equal protection claims based on sex by arguing that she did not demonstrate a specific interest in

applying for the AD position.  *See* Memo. in Support of Dfs.' Mot. at 8-9.  Again, Plaintiff must show that she made herself available for the promotion as a part of her prima facie case under this claim.  *See Sprague v. Thorn Americas, Inc.*, 129 F.3d at 1362.  For reasons discussed above, Defendants' use of an informal promotion system created a duty to consider all those who might reasonably be interested in the position.  Therefore, the Court finds that Plaintiff has alleged that Defendants were aware of her interest in the AD position, thereby establishing that she made herself available for the promotion.  Accordingly, Defendants' motion to dismiss Plaintiff's equal protection claim based on sex is denied.

      **F.**    **Contract Claims**

Defendants further move to dismiss Plaintiff's contract claims based on the argument that an employee manual and employment policies are not valid written contracts sufficient to overcome the grant of immunity provided by N.M.S.A. § 37-1-23(A) (1978).  *See* Memo. in Support of Dfs.' Mot. at 10-11.  Section 37-1-23(A) provides that "[g]overnmental entities are granted immunity from actions based on contract, except actions based on a valid written contract."  *See also Hydro Conduit Corp. v. Kemble*, 110 N.M. 173, 177, 793 P.2d 855, 859 (1990).  The New Mexico Supreme Court has held that the waiver of governmental immunity under Section 37-1-23(A) may incorporate cases involving implied contracts which include written terms set forth in personnel policies.  *See Garcia v. Middle Rio Grande Conservatory District,* 121 N.M. 728, 732, 918 P.2d 7, 11 (1996).  Therefore, if a plaintiff alleges facts to show that written employment policies may have constituted an implied contract, then governmental immunity under Section 37-1-23(A) is waived.

In New Mexico, "a personnel manual gives rise to an implied contract if it controlled the

employer-employee relationship and an employee could reasonably expect his employer to conform to the procedures it outlines." *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 427, 773 P.2d 1231, 1234 (1989) (internal citation omitted). In this case, Plaintiff alleges facts to demonstrate Board Policies controlled her employment relationship with the Defendants. For instance, Plaintiff cites Board Policies that address hiring and grievance procedures which she alleges Defendants failed to follow. *See* Complaint at 10-13. Therefore, because a fact issues exists as to whether the written policies constituted an implied contract, thereby waiving immunity under Section 37-1-23(A), Defendants' motions to dismiss Counts VI and VII are denied.

### G.  Privacy Claims

Defendants move to dismiss Plaintiff's privacy claim for failure to allege sufficient facts to support such a claim. *See* Memo. in Support of Dfs.' Mot. at 12-13. Plaintiff maintains that Defendants disclosed information during the grievance process which violated her right to privacy as guaranteed by the United States Constitution and the Constitution of the State of New Mexico.

The threshold question before the Court is whether Plaintiff has alleged sufficient facts to support a constitutional right to privacy. Generally, the right to privacy protects an individual's interest in avoiding disclosure of personal matters. *See Falvo v. Owasso Independent School Dist. No. 11*, 233 F.3d 1203, 1208 (10th Cir. 2000). In addition, a plaintiff must have a legitimate expectation of privacy in the information allegedly disclosed. *See Flanagan v. Munger*, 890 F.2d 1557, 1570 (10th Cir.1989). In this case, Plaintiff claims that her privacy rights were violated during the grievance process when Defendant Willden disclosed to another administrator that Plaintiff wanted an apology from Defendant DeWees (the Farmington High School Principal).

*See* Complaint at 14, ¶ 82.  Such a cursory allegation is hardly sufficient to support a claim for a constitutional violation of the right to privacy.  This alleged disclosure did not involve information of a highly personal nature which merits constitutional protection.  Moreover, Plaintiff has alleged no facts to suggest that she had a legitimate expectation of privacy in this information.  The information allegedly disclosed involved Plaintiff's demands for resolving her dispute with Defendants.  Certainly, Plaintiff would want this information to be discussed in order to facilitate a resolution.  Thus, Plaintiff has failed to allege sufficient facts to support her privacy claim, and Count VIII is dismissed.

  **H.**  **Tort Claims**

  Finally, Defendants move to dismiss Plaintiff's claims for intentional infliction of emotional distress and prima facie tort (Counts IX and X) because they are barred by the New Mexico Tort Claims Act.  *See* Memo. in Support of Dfs.' Mot. at 14-15.  Section 41-4-4(A) of the New Mexico Tort Claims Act states:  "A government entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by Sections 41-4-5 through 41-4-12."  Plaintiff does not allege that Defendants were acting outside of their scope of duty, nor does Plaintiff allege that any of the exceptions in Section 41-4-5 through 41-4-12 apply.  Accordingly, Defendants are granted immunity from liability for the alleged torts, and Counts IX and X are dismissed.

  **I.**  **Punitive Damages**

  First, Defendants move to dismiss Plaintiff's claim for punitive damages against the School Board under Title VII.  *See* Memo. in Support of Dfs.' Mot. at 4.  42 § U.S.C.  In a Title VII claim, "[a] complaining party may recover punitive damages under this section against a

respondent (other than a government, government agency or political subdivision )...." 42 U.S.C. § 1981a(b)(1).  Since the School Board is a government entity, Plaintiff is not entitled to punitive damages under Title VII.  Accordingly, Defendants' motion to dismiss Plaintiff's claims for punitive damages against the School Board under Title VII is granted.

Second, Defendants move to dismiss Plaintiff's claims for punitive damages against the School Board and the Defendants in their official capacities under Section 1983.  Memo. in Support of Dfs.' Mot. at 15.  The School Board is immune from suit for punitive damages under Section 1983.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  Likewise, because suits against government officials in their official capacities are treated as suits against the government itself, punitive damages are not available against the individuals in their official capacities.  *See Brandon v. Holt*, 469 U.S. 464, 471-73 (1985) and *Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988).  Accordingly, Defendants' motion to dismiss Plaintiff's claims for punitive damages against the School Board and the Defendants in their official capacities under Section 1983 is granted.

Finally, Defendants move to dismiss Plaintiff's claim for punitive damage against the School Board and Defendants in their official capacities under the breach of contract claims.  Memo. in Support of Dfs.' Mot. at 16.  In New Mexico, punitive damages are not recoverable from a governmental entity which is liable for breach of contract.  113 N.M. 593, 601, 830 P.2d 145, 152 (1992).  Accordingly, Defendants' motion to dismiss Plaintiff's claims for punitive damages against the School Board and the Defendants in their official capacities under the breach of contract claims is granted.

**IV.    Conclusion**

For the foregoing reasons, Defendants' motion to dismiss will be granted in part and denied in part. The Court finds that the real party in interest is the Farmington Municipal School Board, and not the School District. In addition, the Court finds that Plaintiff's Title VII claims in Counts I and II against Defendants in their individual capacities are inappropriate. Finally, the Court finds that Plaintiff can prove no set of facts in support of Counts III, IV, V (equal protection claim based on age), VIII, IX, and X which would entitle her to relief.

Wherefore,

**IT IS ORDERED** that Defendants' motion to dismiss Farmington Municipal School District as a defendant is granted.

**IT IS ORDERED** that Defendants' motions to dismiss Counts I and II against Defendants in their individual capacities are granted.

**IT IS ORDERED** that Defendants' motions to dismiss Counts III, IV, V (equal protection claim based on age), VIII, IX, and X are granted.

**IT IS ORDERED** that Defendants' motions to dismiss Counts V (equal protection claims based on race and sex), VI, and VII are denied.

**IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's claim for punitive damages against the School Board under Title VII is granted.

**IT IS ORDERED** that Defendants' motions to dismiss Plaintiff's claims for punitive damages against the School Board and the Defendants in their official capacities under Section 1983 are granted.

**IT IS FINALLY ORDERED** that Defendants' motion to dismiss Plaintiff's claims for punitive damages against the School Board and the Defendants in their official capacities under

13

the contract claim is granted.

    DATED March 29, 2001.

                                                                   _____
                                                                   SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:

    Lianne E. Kerr, Esq.
    Liane E. Kerr, LLC
    Albuquerque, New Mexico

    Peter V. Domenici, Jr.
    Dolan & Domenici, PC
    Albuquerque, New Mexico

Attorneys for Defendants:

    John F. Kennedy, Esq.
    Faith Kalman Reyes, Esq.
    Simons, Cuddy, & Friedman, LLP
    Santa Fe, New Mexico