IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA KERR,

        Plaintiff,

vs.                                                           Civ. No. 00-502 JC/WWD ACE

FARMINGTON MUNICIPAL SCHOOL
DISTRICT, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon Plaintiff's Motion to Compel filed February 20, 2001 [docket no. 53]. The response was filed on March 5, 2001, and movant indicates that no reply will be filed; accordingly, the matter is being addressed at this time.

        Plaintiff seeks to compel admissions or denials in connection with requests for admissions numbered 5, 9, 10, 13, and 14.

### *Request No. 5*

        Request No. 5 states:

        No woman has ever applied for an administrative position through the
        use of the emergency hiring process.

        Defendants argue that "[a]n employee does not apply for emergency hiring, nor does the employee select a particular hiring procedure under which his or her candidacy or application is considered." Defendants also raise questions as to what "unspecified" emergency hiring process Plaintiff's request for admission is talking about, and what time frame is involved. Defendants

would be able in their response to admit or deny based on all emergency hiring processes which they have utilized during a certain period of time. Certainly it would have been easier if Plaintiff could have supplied the time period; however, under the circumstances involved in this case, I will find that ten (10) years is a reasonable time period and that the response to Request No. 5 should be an admission or denial based on any emergency hiring provisions utilized for the 10 calendar years beginning with 1991, and that it should be made on or before April 17, 2001.

*Request No. 9*

The same approach set forth in regard to Request No. 5 should be followed here.

*Request No. 10*

Request No. 10 is deemed admitted insofar as it refers to the "Floyd Curley memo."

*Request No. 13 and 14*

The objection to the term "minority individual" as being too vague is sustained.

Discovery should proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE