IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA KERR,

    Plaintiff,

vs.                                              Civ. No. 00-502 JC/WWD ACE

FARMINGTON MUNICIPAL SCHOOL DISTRICT,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Defendants' Motion to Strike Plaintiff's Untimely Identification of Expert and Untimely Submission of Expert Witness Report [docket no. 56]. Reports from Plaintiff's expert were due on or before November 10, 2000. Plaintiff requested an extension of the deadline for disclosing her experts and the time was extended to December 15, 2000. Charles Lehman was not identified within the time period; however, Lehman had been listed in Plaintiff's answer to interrogatory no. 11 of Defendants' first set of interrogatories. In that answer, Plaintiff indicated that Lehman <u>might</u> provide information providing demographics relative to Native American versus Anglo administrators and students, specifically stating that Lehman would provide information supporting Plaintiff's position that Farmington Schools do not employ a proportionate number of Native Americans to Anglo administrators. Plaintiff received a report from Defendants' expert, Daniel S. Hameresh, on January 16, 2001. This report stated that the Farmington School District does not employ

significantly fewer Native American educational administrators than would be expected given the representation of Native Americans in the available labor pool. Plaintiff tendered Lehman as an expert witness serving his report on February 16, 2001.

*Discussion*

I do not find that Plaintiff's identifying Charles Lehman as a possible expert in answers to interrogatories would keep Plaintiff from later identifying Lehman as a rebuttal expert. Nor do I find that the Initial Pretrial Report bars identification of a rebuttal expert. Defendants may argue that failure to list Lehman as a rebuttal expert in the Initial Pretrial Report was a mistake on the part of the Plaintiff, I do not see how the Defendants were prejudiced: particularly, since Lehman had been mentioned in the response to interrogatory no. 11 as aforementioned. Plaintiff should be able to reserve judgment on whether a rebuttal expert must be called until after the Defendants' expert is identified and the necessity for a rebuttal expert becomes clear. Under Fed. R. Civ. P. 26(a)(2)(C), Plaintiff's disclosure of the rebuttal expert was timely.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiff's Untimely Identification of Expert and Untimely Submission of Expert Witness Report [docket no. 56] be, and it is hereby, DENIED.

_____
UNITED STATES MAGISTRATE JUDGE